**Beza HAILU, Petitioner,**

v.

**U.S. IMMIGRATION & NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 02–1645.

United States Court of Appeals, Fourth Circuit.

Submitted March 20, 2003.

Decided April 8, 2003.

Mikre–Michael Ayele, Arlington, Virginia, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Allen W. Hausman, Senior Litigation, Joshua E. Braunstein, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Dismissed in part and denied in part by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Beza Hailu, a native and citizen of Ethiopia, petitions for review of a final order of the Board of Immigration Appeals (Board) adopting the Immigration Judge's (IJ) decision without opinion and denying relief from removal.

First, Hailu challenges the IJ's finding that his asylum application was untimely and that he failed to demonstrate a change in circumstances or extraordinary circumstances excusing the late filing. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (2000); 8 C.F.R. § 208.4(a)(4), (5) (2002). We conclude that we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). *See Tsevegmid v. Ashcroft*, 318 F.3d 1226, 1229–30 (10th Cir. 2003); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002); *Fahim v. U.S. Attorney Gen.*, 278 F.3d 1216, 1217–18 (11th Cir.2002); *Ismailov v. Reno*, 263 F.3d 851, 854–55 (8th Cir.2001).

Second, while we would have jurisdiction under 8 U.S.C. § 1252(a) to consider Hailu's claims for withholding of removal and pursuant to the Convention Against Torture, we find that they have been waived. *See Edwards v. City of Goldsboro*, 178

F.3d 231, 241 n. 6 (4th Cir.1999) ("Failure to comply with the specific dictates of [Federal Rule of Appellate Procedure 28(a)(9)(A)] with respect to a particular claim triggers abandonment of that claim on appeal.").

We accordingly dismiss the petition for review as to the determination of Hailu's ineligibility to seek asylum under 8 U.S.C. § 1158(a) and deny the petition for review as to the denial of withholding of removal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART AND DENIED IN PART.*